UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **RICHARD A. HILL,** ) | |
| ) | |
|     **Petitioner** ) | |
| ) | |
|     v. ) | No. 3:05cv0445 AS |
| ) | |
| **JOHN VANNATTA,** ) | |
| ) | |
|     **Respondent** ) | |

*MEMORANDUM OPINION AND ORDER*

On or about July 23, 2005, *pro se* petitioner, Richard A. Hill, an inmate at the Miami Correctional Facility in Bunker Hill, Indiana (MCF), filed a petition seeking relief under 28 U.S.C. §2254.  The Response filed on behalf of the respondent by the Attorney General of Indiana on December 22, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana.  At the time of the filing of this petition he was incarcerated in the MCF.  This is a prisoner disciplinary case designated as MCF 05-04-0335, in which a 60-day earned credit time deprivation sanction was imposed.  The imposition of that sanction implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974).  There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some

evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

Generally the focus in these proceedings is not on violations of state law including state regulations. *See Estelle v. McGuire*, 502 U.S. 62 (1991). Also, it is necessary to make the appropriate claims during the state administrative procedure process. *See Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992).

This petitioner seems to be making an equal protection claim under the Fourteenth Amendment of the Constitution of the United States. *See Loving v. Virginia*, 388 U.S. 1 (1967). Basically, the Sixth Amendment of the Constitution of the United States does not apply to these proceedings. *See Ponte v. Real*, 471 U.S. 491 (1985). *See also Washington v. Davis*, 426 U.S. 229 (1976), *Rasheed-Bey v. Duckworth*, 969 F.2d 357 (7th Cir. 1992), and *Smith v. Town of Eaton*, 910 F.2d 1469 (7th Cir. 1990). This court does not bottom a decision here on the concept of harmless error under *O'Neal v. McAninch*, 513 U.S. 432 (1995). Notwithstanding the absence of the panoply of Sixth Amendment rights and procedures, there must be an impartial decision-maker under *Redding v. Fairman*, 717 F.2d 1105 (7th Cir. 1983), *cert. denied*, 465 U.S. 1025 (1984)

The Attorney General has placed before this Court a series of documents designated A through G, both inclusive, which explicate in great detail the proceedings involved. When the entirety of the record is examined, the petitioner has failed to make a demonstration of the

2

loss of a protected constitutional right. Therefore, the petition for relief under 28 U.S.C. §2254. Such relief is now carefully considered and **DENIED. IT IS SO ORDERED**.

   **DATED:** February 28, 2006

                                  S/ALLEN SHARP
                                  **ALLEN SHARP, JUDGE**
                                  **UNITED STATES DISTRICT COURT**